Robert J. Maynes, ISB No. 6905
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email:  rmaynes@maynestaggart.com

*Counsel for Mikki Jan Hathaway*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HATHAWAY, PAUL J (deceased), and HATHAWAY, MIKKI JAN,<br><br>Debtors/Debtors-in-Possession. | Case No. 17-40989 JMM<br><br>Converted Chapter 7 |

**MIKKI HATHAWAY'S OBJECTION TO CHAPTER 7 TRUSTEE'S: (A) MOTION FOR APPROVAL OF SALE OF REAL PROPERTY PURSUANT TO § 363(F) (DKT. 393); (B) NOTICE OF SALE OF PROPERTY AND NOTICE OF HEARING ON (1) MOTION FOR APPROVAL OF SALE OR REAL PROPERTY AND (2) APPLICATION FOR COMPENSATION OF REALTOR; APPLICATION FOR COMPENSATION OF REALTOR (DKT. 396); (C) APPLICATION FOR COMPENSATION OF REALTOR (DKT. 395);**

**NOTICE OF INTENT TO PRESENT EVIDENCE/TESTIMONY; AND**

**REQUEST TO CONTINUE HEARING TO THE NEXT AVAILABLE POCATELLO EVIDENTIARY HEARING DATE**

COMES NOW, Mikki Jan Hathaway, in her individual capacity and as the surviving spouse of Paul J Hathaway (deceased), by and through her attorney of record, Robert J. Maynes of Maynes Taggart PLLC, and pursuant 11 U.S.C. §§ 327, 330(a), 363, 522 and F.R.B.P. Rules 2016, 4003, 6004, 9014, and Local Bankruptcy Rules 2002.1, 4003.1 and 9014.1, and related case law, objects to Noah G. Hillen, Chapter 7 Trustee's **(A)** Motion for Approval of Sale of Real Property pursuant to § 363(f) (Dkt. 393); **(B)**

Notice of Sale of Property and Notice of Hearing on (1) Motion for Approval of Sale or Real Property and (2) Application for Compensation of Realtor; Application for Compensation of Realtor (Dkt. 396); **(C)** Application for Compensation of Realtor (Dkt. 395) (collectively referred to herein as the "Trustee's Motions"), as follows:

## EXECUTIVE SUMMARY

Having elected not to object to the homestead exemption within the Rule 4003 time limits, the Trustee now seeks to effectively disallow the homestead exemption as part of his § 363 sale motion. Such an attempt runs afoul of the Code, Rules and Supreme Court case law—namely *Schwab v. Reilly* and *Law v. Siegel*.

*Schwab v. Reilly* upholds the full exemption claimed and *Wilson v. Rigby* does not change that result. Alternatively, the market value will support a full exemption under the facts of this case. Last, *Law v. Siegel* prohibits any surcharge to pay administrative expenses and would similarly prohibit use of § 363 to object to a valid homestead exemption.

## BACKGROUND

1. The chapter 11 petition in this case was filed on November 7, 2017. Dkt. 1.

2. The Hathaways claimed a homestead exemption in their residence and surrounding curtilage with outbuildings—collectively the homestead property the Trustee proposes to sell—in the amount of "<u>100% of fair market value, up to any applicable statutory limit</u>". Dkt. 34 at p. 20, Para. 2, filed December 8, 2017.

3. The chapter 11 case converted to a chapter 7 case on February 27, 2019. Dkt. 275.

4. The Notice of Chapter 7 Bankruptcy Case scheduled the chapter 7 creditors meeting for April 11, 2019. Dkt. 282-2.

5. The chapter 7 creditors meeting was held on April 11, 2019 (Dkt. 304), continued to and held on April 30, 2019 (Dkt. 313), and continued to, held and concluded on May 13, 2019 (Dkt. 314).

6. No objections to Debtors' homestead exemption were filed—timely or otherwise. *See generally*, Bankruptcy Court Docket.

7. On February 20, 2020 the Trustee filed his **(A)** Motion for Approval of Sale of Real Property pursuant to § 363(f) (Dkt. 393); **(B)** Notice of Sale of Property and Notice of Hearing on (1) Motion for Approval of Sale or Real Property and (2) Application for Compensation of Realtor; Application for Compensation of Realtor (Dkt. 396); **(C)** Application for Compensation of Realtor (Dkt. 395)—collectively referred to herein as the "Trustee's Motions".

8. In the Trustee's Motions, the Trustee incorrectly states, "Debtors have a $0 homestead exemption." *See* Dkt. 393 at Para. 9 at p. 4 of 8.

9. Because the Trustee's Motions fail to acknowledge the Debtors' valid homestead exemption, Mrs. Hathaway respectfully objects to the proposed sale, as more fully explained below.

## POINTS AND AUTHORITIES

Exemption statutes are to be liberally construed in favor of Mrs. Hathaway. *See e.g. In re Halinga,* 13.4 IBCR 101, 103 (Bankr. D. Idaho 2013); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).

Further, if the trustee believes an exemption is improper, "the Code imposes upon trustees the duty to object." *In re Leach*, 595 B.R. 841, 847 (Bankr. D. Idaho 2018). If the trustee *timely* objects to a claim of exemption, the trustee then "has the burden of proving that the exemptions are not properly claimed." FRBP 4003(c).

Here, there is no objection to Mrs. Hathaway's valid homestead exemption—timely or otherwise. Instead, Trustee proposes to sell the exempt asset and simply disregard the homestead exemption. Such an approach inappropriately bypasses the trustee's duties under Rule 4003 and the Code, and constitutes an end run around Mrs. Hathaway's valid homestead exemption.

**I.    The Supreme Court's decision, <u>Schwab v. Reilly</u> upholds the full homestead exemption and precludes Trustee's proposed refusal to honor the exemption.**

**a. Failure to Timely Object Renders the Homestead Exemption Valid.**

In this case, the lack of any timely objection results in a fully allowed exemption. Failure to timely object to a claimed exemption renders the asserted exemption valid, "even if the exemption's value exceeds what the Code permits." *Schwab v. Reilly*, 560 U.S. 770, 775-76 (2010); *citing Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-43 (1992).[1] *See Fed. Rule Bkrtcy. Proc*. 4003(b). "Property a debtor claims as exempt will be excluded from the bankruptcy estate." *Schwab* at 774 *citing* 11 U.S.C. § 522(l).

---

[1] As explained by this Court in 2009,

> In *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the Supreme Court resolved a split of authority in the circuits regarding whether a debtor's claim of exemption in a bankruptcy case, as to which no timely objection is filed, automatically results in the property being exempt. The Court held that where no timely objection is filed, the property claimed exempt is exempt. *Id*. at 643 (citing 11 U.S.C. § 522(l)). The Court concluded that because the trustee in that case had not objected to the debtor's claim of exemption within the 30-day time period allowed by the rules, he could not thereafter contest the validity of the exemption "whether or not [the debtor] had a colorable statutory basis for

Here, the lack of any objection to the homestead exemption, results in the full $100,000 equity exemption being excluded from the bankruptcy estate.

### b. The Hathaways claimed the full statutory limit, i.e. $100,000.00 under the *Schwab v. Reilly* standard.

Notably, the Supreme Court has given direction on (1) how debtors may properly claim the full exemption amount, and (2) the impact of opposing parties' decision not to object:

> Where, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, **for example, by listing the exemption value as "full fair market value (FMV)" or "100% of FMV."** Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits. **If the trustee fails to object . . ., the debtor will be entitled to exclude [from the estate] the full value of the asset."**
>
> *Schwab v. Reilly*, 560 U.S. 770, 792-93 (2010)(emphasis added).

That's precisely what occurred in this case. The Hathaways claimed "100% of fair market value." Thus, as explained by *Schwab v. Reilly*, Mrs. Hathaway is entitled to exclude the full value, i.e. the full exemption amount, from her bankruptcy estate.

That the claimed exemption also indicates "up to any applicable statutory limit" sets the exemption at the full statutory amount of $100,000.00. With respect to exempt equity, the Ninth Circuit has explained:

---

claiming it." *Id*. at 644. Thus, under *Taylor*, even an exemption claim that is totally baseless will result in the property at issue being exempt if neither the trustee nor another party in interest timely objects to the exemption. Some courts have characterized this as an "exemption by default." *See Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 583-84 (9th Cir. B.A.P. 1996) (citing additional cases).

*In re Gardner*, 09.4 I.B.C.R. 119, 120 (Bankr. D. Idaho 2009)

> If the homestead exemption at issue is tied to the equity in a home, the trustee will have the burden to examine the claimed amount to make certain that the trustee need not object and establish that the claimed exemption is improper.

*Wilson v. Rigby*, 909 F.3d 306, 311-12 (9th Cir. 2018).[2]

However, the trustee's time to complete his examination is limited. Rule 4003 governs the time for the trustee to examine the available equity and, if necessary, to object. FRBP 4003(b)(1).

Here, the lack of objection by the trustee, creditors and any interested parties results in a full exemption of $100,000.00. As such, the Hathaways have excluded the full value of the exemption from the estate. *Schwab* at 792-93.

Thus, the Trustee's proposed sale cannot be approved because he cannot comply with 11 U.S.C. § 363(f) <u>until</u> the proposed sale distribution provides for the homestead exemption.

II.     **Alternatively, if the Court could consider the Trustee's Motions as a late-filed, back door objection, valuation of the Property as of the Petition Date will demonstrate the viability of the exemption.**[3]

The Trustee misinterprets the Debtors' schedules in at least two significant ways. First, the Trustee overlooks the fact that the scheduled value is expressly based on a "tax-assessed value," which is <u>not</u> synonymous with "fair market value." As noted in Schedule A/B: Property, the value listed is a "tax assessed value", not a fair market value. *See* Dkt. 34 at p. 3 of 101 at Para. 1.1. At a minimum, the Trustee should allege what he believes

---

[2] This Court has also noted that a trustee is required to object "if: 1) the value of the property claimed as exempt exceeds statutory limits." *In re Leach*, 595 B.R. 841, 847 (Bankr. D. Idaho 2018).
[3] Mrs. Hathaway maintains that Rule 4003 precludes any objection to the homestead exemption at this late date.

the fair market value to have been on the petition date and provide the basis for his alleged market value.[4]

Second, the Trustee overlooks the differing valuations and encumbrances on the different parcels. The Trustee lumps the two parcels together and applies all three liens against the whole—despite the fact that the liens are not against the whole homestead property. The Trustee's approach results in mathematical inaccuracies and prejudices the Debtor.

The entire homestead consists of the home and two acres, together with the curtilage, outbuildings and surrounding fourteen acres (collectively, the "homestead"). Washington Federal and ICCU both have liens on the home and two acres, but not on the balance of the homestead. In turn, MAM Revocable Trust only has a lien on curtilage and outbuildings, but not on the home and two acres.

The following chart demonstrates:

| HOMESTEAD ANALYSIS | | |
|---|---|---|
|  | Home (2 Acres)[5] | Remaining Curtilage and Outbuildings (14 acres) |
| Fair Market Value (as of 11/9/2017) | *TBD* | *TBD* |
| Washington Federal | ($218,648.49)[6] | No interest |
| Idaho Central Credit Union | ($346,607.50)[7] | No interest |
| MAM Revocable Trust | No interest | ($147,108.67)[8] |
| **EXEMPT EQUITY** | ***TBD*** | ***TBD*** |

---

[4] To the extent the Trustee is alleging that the tax-assessed value is the fair market value, the Debtor objects to such a broad characterization without further proof regarding *market* value.
[5] Washington Federal and ICCU equal total encumbrance on the home and two acres of only $565,255.99.
[6] See Para. 2.7, Dkt. 34 at pp. 39-40 of 101.
[7] See Para. 2.1, Dkt. 34 at p. 37 of 101.
[8] MAM Revocable Trust's lien presents a further complexity in that it was cross-collateralized with non-estate property. This amount represents the lien, net of the cross-collateralized parcel. See Proof of Claim 26, Part 2, filed 4/2/2018 at p. 1 of 15.

Washington Federal and ICCU's liens equal a total encumbrance on the home and two acres of $565,255.99. Mrs. Hathaway respectfully asserts that the home and two acres represent the overwhelming majority of value in the homestead property, likely well in excess of the encumbrances on the home and two acres. In other words, it is anticipated that there is equity in the home and two acres using the market value as of the date of the petition.[9]

Mrs. Hathaway is in the process of retaining an appraiser to value both pieces of the homestead and requests sufficient time to have the appraisal completed before the evidentiary hearing on the Trustee's Motions.

### III. Surcharge of the homestead exemption to pay administrative expenses is prohibited under *Law v. Siegel*; and back door use of § 363 to disallow the exemption should not be allowed.

As the Court is aware, *Law v. Siegel* addresses the question of whether a debtor's exempt assets can be used to pay administrative expenses arising from the debtor's misconduct. *Law v. Siegel*, 571 U.S. 415 (2014). Even under the egregious facts[10] of that case, the Supreme Court explained "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate." *Id.* at 423 (also explaining "We have held that a trustee's failure to make a timely objection prevents him from challenging an exemption." *citing Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-644 (1992).

By the same token, 11 U.S.C. § 363 does not allow for disallowance of Mrs. Hathaway's exemption. The attempt to disallow Mrs. Hathaway's homestead exemption

---

[9] Similarly, there may also be equity in the curtilage after deducting the value of cross-collateralized parcel.
[10] To be clear, there is no allegation of misconduct against Mrs. Hathaway and certainly nothing that rises to the level of misconduct exhibited by Mr. Law.

through a § 363 sale process certainly runs afoul of the spirit, if not the letter, of *Law v. Siegel*.

## CONCLUSION

*Schwab v. Reilly* supports Mrs. Hathaway's full homestead exemption. The choice not to timely object results in allowance of the full exemption because Mrs. Hathaway claimed "100% of fair market value, up to any applicable statutory limit." Even if the Court were inclined to consider this back-door objection, the market value supports the exemption under the facts of this case, as explained above. Last, the Trustee's effort to surcharge the exemption runs directly contrary to *Law v. Siegel*.

In short, the Trustee's Motions should be DENIED.

## REQUEST TO CONTINUE HEARING TO NEXT AVAILABLE POCATELLO EVIDENTIARY HEARING DATE

The above captioned case is a Pocatello Division case. Mrs. Hathaway resides in St. Anthony, Idaho. It is anticipated that witnesses, if any, will be located in Eastern Idaho. Further, if and to the extent the Court requires testimony regarding the value of the homestead property on the petition date as a part of determining an objection to the claim of exemption, Mrs. Hathaway is in the process of retaining an appraiser to provide an expert opinion as to the value of each of the parcels.

As such, Mrs. Hathaway requests that the hearing, currently scheduled to be conducted in Boise as a video hearing, be continued to the next available Pocatello evidentiary hearing date in order for the necessary appraisal to be completed in advance of such evidentiary hearing.

**NOTICE OF INTENT TO PRESENT EVIDENCE/TESTIMONY**

YOU ARE HEREBY GIVEN NOTICE, pursuant to Rule 9014.1 of the Local Rules of Bankruptcy Procedure, that Debtors' counsel reserves all rights to cross examine witnesses and may present testimony and evidence at the hearing on the foregoing.

DATED:    March 11, 2020

MAYNES TAGGART PLLC

/s/ *Robert J. Maynes*
Counsel for Mikki Hathaway

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 11, 2020, I filed a copy of the attached pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Noah Hillen, Chapter 7 Trustee – ngh@hillenlaw.com

And as otherwise noted on the Court's Notice of Electronic Filing.

        /s/ *Theresa G. Carson*
        Theresa G. Carson
        Legal Assistant

    I HEREBY CERTIFY FURTHER that on March 11, 2020, I served a copy of the above referenced pleading(s) on the following parties via postage prepaid, first class, U.S. Mail:

PARTIES SERVED:

Mikki J. Hathaway
335 N. 2149 E.
St. Anthony ID 83445

        /s/ *Theresa G. Carson*
        Theresa G. Carson
        Legal Assistant