Kimbell D. Gourley/ISB No. 3578
JONES ♦WILLIAMS ♦FUHRMAN ♦GOURLEY, P.A.
The 9th & Idaho Center
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: kgourley@idalaw.com

Attorneys for Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 17-40989-JMM |
|---|---|
| HATHAWAY, PAUL<br>HATHAWAY, MIKKI,<br><br>            Debtors. | Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** |

**NOTICE OF MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW the Chapter 7 Trustee ("Trustee"), Noah Hillen, by and through his special

counsel Kimbell D. Gourley of Jones ♦ Williams ♦ Fuhrman ♦ Gourley, P.A., and hereby moves

the court, pursuant to F.R.B.P. 2002(a)(3) and 9019(a), for an order approving the Trustee's

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** - 1

settlement and compromise with the Debtors, Mikki Hathaway and the Estate of Paul Hathaway (collectively, the "Hathaways" or "Debtors") in relation to (i) the sale of a certain residential property located at 335 and 337 N. 2149 E., Saint Anthony, Idaho, consisting of a two (2) acre parcel and a sixteen (16) acre parcel (collectively, the "Residential Property"), (ii) the homestead exemption asserted by the Hathaways on the Residential Property, and (iii) distribution of the net sale proceeds from the sale of the Residential Property by the Trustee. In support of this motion, the Trustee respectfully represents as follows:

## **DESCRIPTION OF CONTROVERSY**.

Pursuant to the Hathaways' bankruptcy schedules filed on December 8, 2017 [Docket No. 34], the Hathaways listed the following as to the Residential Property on the petition date:

| Tax Assessed Value of the Residential Property | $790,692.00 |
|---|---|
| ICCU (Deed of Trust) | <$346,607.50> |
| MAM (Deed of Trust) * | <$330,000.00> |
| Washington Federal (Deed of Trust) | <$218,648.49> |

- The MAM Revocable Trust also had a deed of trust on an additional parcel of real estate located in Jefferson County owned by Hathaway Homes Group, LLC, and on October 2, 2018, a non-judicial foreclosure sale occurred on this property and the MAM Revocable Trust received the net proceeds and applied it to reduce this debt.

In Schedule C of the bankruptcy schedules, as to the Residential Property the Hathaways checked the second box and identified their homestead exemption as "100% of fair market value, up to any applicable statutory limit." Based on the Trustee's interpretation of the Schedules, the Schedules revealed no equity in the Residential Property. Therefore, the Trustee took the position that the

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** - 2

Hathaways' exemption was allowed in the amount of $0.

Neither the Trustee nor any creditor obtained a fair market valuation of the Residential Property or objected to the Hathaways' claim of homestead exemption and the Trustee proceeded to employ a realtor to market the Residential Property for sale and entered into a purchase and sale agreement for the sale of the Residential Property. The Trustee then filed his Motion to Approve Sale on February 20, 2020 [Docket No. 393].

The Hathaways in response filed their (i) Objection to Trustee's Motion to Approve Sale on March 11, 2020 [Docket No. 398], and (ii) Motion to Abandon on March 17, 2020 [Docket No. 401]. Consistent with their Schedule C and the lack of any timely objection to the allowed homestead exemption, Hathaways' maintain they are entitled to a $100,000.00 homestead exemption based on the fair market value of the Residential Property on the petition date.

The Trustee's Motion to Approve Sale seeks court approval of the sale of the Residential Property to Steven Crane and Amy Crane for the sum of $888,000.00 pursuant to an auction that the Trustee conducted on April 7, 2020, at 8:45 a.m., with the Trustee to retain on behalf of the bankruptcy estate all net sale proceeds. The Trustee asserts the Hathaways did not properly assert or preserve a homestead exemption on the Residential Property. The Hathaways dispute the Trustee's assertion. The Hathaways filed their Motion to Abandon seeking the court to order the Residential Property abandoned to the Hathaways on the theory that the Hathaways did properly assert and preserve the homestead exemption on the Residential Property and that any equity in the Residential Property is consumed by the Idaho homestead exemption for the benefit of the Hathaways.

### **THE HATHAWAYS' VALUATION OF THE RESIDENTIAL PROPERTY.**

The Hathaways' schedules [Docket No. 34] set forth that the tax assessed value of the

Residential Property as of November 9, 2017, was in the sum of $790,692.00.  The Hathaways in 2020 employed Broc Genta with Broc Genta Appraisal Services to perform two retrospective appraisals on each of the two parcels comprising the Residential Property, and Mr. Genta opined that the fair market value for the Residential Property as of November 9, 2017, was in the aggregate sum of $1,008,000.00.  Thereafter, on April 3, 2020, the Hathaways, amended Schedules A and D [Docket No. 426] to incorporate this appraised value by Mr. Genta, and scheduling the "fair market value" as of November 9, 2017 and the Hathaways continued to assert they properly asserted and preserved, and are entitled to receive, the full $100,000.00 homestead exemption on the Residential Property.

The Trustee retained Brad Linford of Real Point Appraisal, LLC on or about April 13, 2020 [Docket No. 469] to determine the fair market value of the Residential Property as of the petition date.  Mr. Linford opined that the fair market value of the Residential Property on the petition date was $1,025,000.00.

## **CHRONOLOGICAL FACTUAL AND PROCEDURAL HISTORY.**

1. November 9, 2017 -     Bankruptcy Petition Date [Docket No. 1];

2. December 8, 2017 -     Bankruptcy Schedules filed [Docket No. 34];

3. February 26, 2019 -    Order converting case to chapter 7

4. September 25, 2019 -   Trustee filed an Application to Employ Paul Blaskovich as Realtor [Docket No. 365;

5. October 23, 2019 -     Order entered approving Application to Employ Paul Blaskovich (no objections filed to Application);

6. January 27, 2020 -     Trustee enters into Real Estate Purchase and Sale Agreement with Steven Crane and Amy Crane for a minimum purchase

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** - 4

price of $888,000.00;

7. February 20, 2020 - Trustee files his Motion to Approve Sale [Docket No. 393];

8. February 20, 2020 - Trustee files his Notice of Sale with Notice of Hearing [Docket No. 396];

9. March 11, 2020 - Debtors file their Objection to the Trustee's Motion to Approve Sale [Docket No. 398];

10. March 17, 2020 - Debtors file their Motion to Abandon [Docket No. 401];

11. March 23, 2020 - Trustee files his Objection to the Debtors' Motion to Abandon [Docket No. 407];

12. April 3, 2020 – Debtors file amendments to their bankruptcy schedules [Docket No. 426] to include the appraised "fair market value" as of the petition date on the Residential Property;

13. April 7, 2020 - Trustee auction sale at 8:45 a.m.;

14. April 13, 2020 - Trustee employs Brad Linford with Real Point Appraisal;

15. May 11, 2020 - Order entered approving Application to Employ Brad Linford (no objections filed to Application); and

16. May (TBD), 2020 - Trustee's closing on the Residential Property.

## LAW.

In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the court may consider:

(a) The probability of success in a litigation;

(b) The difficulties, if any, to be encountered in the matter of collections;

(c) The complexity of the litigation involved, and the expense, inconvenience and delay

    necessarily attending it; and

 (d) The paramount interest of the creditors and the proper deference to their reasonable views in the premises.

*In re A & C Properties,* 784 F.2d, 1377, 1381 (9th Cir. 1986). *See also, In re Marples,* 266 B.R., 202, 206 (Bankr. D. Idaho 2001); *In re Lake City R. V., Inc.,* 226 B.R., 241, 243 (Bankr. D. Idaho 1998)*; In re Grupo Xtra of New York, Inc.*, 2006 U.S. App. LEXIS 3876 (9th Cir. 2006).

<b><u>SETTLEMENT AND COMPROMISE</u></b>.

  The Trustee and the Hathaways have agreed to the following settlement terms and conditions subject to bankruptcy court approval:

 1. The Hathaways withdraw their objection [Docket No. 398] to the Trustee's Motion to Approve Sale [Docket No. 393];

 2. Subject to bankruptcy court approval, the Trustee may proceed to sell the Residential Property to Steven Crane and Amy Crane for the sum of $888,000.00;

 3. Contingent upon the realtor employed by the Trustee to market the Residential Property for sale reducing his real estate commission from 6% to 4%, the net sale proceeds after payment of all real estate commissions, property taxes, monetary liens held by ICCU, MAM, and Washington Federal, and closing costs, irrigation assessments, and other reasonable costs of sale, shall be distributed 60% to the Hathaways for their homestead exemption and 40% to the Trustee on behalf of the bankruptcy estate. The Trustee estimates this will result in the net sale proceeds being in the sum of $38,480.00 with the Hathaways receiving $23,088.00 on account of their homestead exemption (60% of $38,480.00) and the Trustee receiving $15,392.00 (40% of $38,480.00); and

 4. The settlement is subject to and conditioned upon Bankruptcy Court approval. This compromise shall fully resolve (i) Debtors' Objection to Trustee's Motion to Approve Sale on

March 11, 2020 [Docket No. 398], and (ii) Debtors' Motion to Abandon on March 17, 2020 [Docket No. 401].

## AUTHORITY FOR APPROVING COMPROMISE.

The court has authorization to approve the Trustee's settlement and compromise pursuant to F.R.B.P. 9019(a).

## BEST INTERESTS OF THE BANKRUPTCY ESTATE.

This case is all about the value of the Residential Property on the Petition Date. It is in the best interests of the Chapter 7 bankruptcy estate that the settlement and compromise outlined hereinabove be approved. Absent this compromise, given the retroactive appraisals of the Residential Property valuing the property in excess of $1 Million, it is likely the Hathaways will prevail on their Objection to Trustee's Motion to Approve Sale, and require payment of a $100,000 homestead exemption before the property is sold. The estate would be unable to sell the Residential Property if the Hathaways are entitled to a $100,000 homestead exemption. Therefore, compromising this matter to permit the estate to obtain 40% of the net sale proceeds is in the best interest of the creditors and the bankruptcy estate. Absent this compromise, it is likely the estate will receive $0. Finally, the Residential Property is the last asset to be administered by the Trustee in the bankruptcy estate.

## CONTINGENCY.

The agreement between the parties for this settlement and compromise is contingent upon and subject to Bankruptcy Court approval.

WHEREFORE, the Chapter 7 Trustee, Noah Hillen prays for an order of this court approving the settlement and compromise with the Hathaways.

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** - 7

DATED this 13th day of May, 2020.

                                      JONES ♦ WILLIAMS ♦ FUHRMAN ♦ GOURLEY, PA

                                      /s/Kimbell D. Gourley
                                    By:  Kimbell D. Gourley - Of the Firm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13th, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| **U.S. Trustee**<br>ustp.region18.bs.ecf@usdoj.gov | **R Ron Kerl**<br>Ron@cooper-larsen.com |
| **Heidi Buck Morrison**<br>heidi@racineolson.com | **Brian T Tucker**<br>bttucker@nhptlaw.net |
| **Jay A Kohler**<br>cindy@kohlerlawif.com | **Matthew Todd Christensen**<br>mtc@angstman.com |
| **Hyrum Dean Erickson**<br>herickson@rex-law.com | **Michael J Whyte**<br>whyte@thwlaw.com |
| **Stephen Kent Madsen**<br>smadsen@maynestaggart.com | **Sheila Rae Schwager**<br>sschwager@hawleytroxell.com |
| **Robert J Maynes**<br>mayneslaw@hotmail.com | **Brent Russel Wilson**<br>bwilson@hawleytroxell.com |
| **William R Forsberg**<br>forsbergw@cableone.net | **Louis Vaughn Spiker**<br>lvs@magicvalleylaw.com |
| **Aaron J Tolson**<br>ajt@aaronjtolsonlaw.com | **Jason Ronald Naess**<br>jason@pmt.org |
| **Stephanie Nicole Guyon**<br>stephanie.guyon@ag.idaho.gov | **Daniel C Green**<br>dan@racinelaw.net |
| **Jon A Stenquist**<br>jstenquist@parsonsbehle.com | **Amber K. Kauffman**<br>amber.kauffman@tax.idaho.gov |
| **Mark W Buckwalter**<br>mark@buckwalterlawfirm.com | **Terry C Copple**<br>tc@davisoncopple.com |
| **Trevor L Hart**<br>tlh@perrylawpc.com | **Mark Bradford Perry**<br>mbp@perrylawpc.com |
| **Steven L Wetzel**<br>slwpa@cableone.net | **Robert A Faucher**<br>rfaucher@hollandhart.com |
| **Noah G Hillen** | **Brian W Hockett** |

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** - 9

ngh@hillenlaw.net

**Jared Michael LeFevre**
jlefevre@crowleylaw.com

**Kirsten A Ocker**
kirsten.ocker@idahosif.org

**Janine P Reynard**
janine@reynardtrustee.com

bhockett@thompsoncoburn.com

**Stephen A Meikle**
sammeikle@msn.com

**Gary L Rainsdon**
trustee@filertel.com

**Thomas Daniel Smith**
tsmith8206@cableone.net

 /s/Kimbell D. Gourley
Kimbell D. Gourley

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE** - 10