UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

In Re:

HATHAWAY, PAUL J
HATHAWAY, MIKKI JAN

Debtors.

Case No. 17-40989-JMM

Chapter 7

**ORDER PURSUANT TO 11 U.S.C. § 363(f) AUTHORIZING
AND APPROVING THE SALE OF REAL PROPERTY**

This matter came before the Court on April 7, 2020, upon the Motion for Approval of Sale of Real Property Pursuant to Section 363(f) (the "Sale Motion") (Dkt. No. 393) filed by Noah Hillen (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Paul Hathaway and Mikki Hathaway (the "Debtors"), requesting entry of this order approving the proposed sale (the "Sale") of the Real Property (as defined herein).  The Real Property (the "Real Property") consists of residential real property located at 335 and 337 N. 22149 E., St Anthony, Idaho 83445, and more particularly described as:

Tract 1:

Parcel 1:
A portion of the NE¼SW¼ Section 15, Township 7 North, Range 40 E.B.M., Fremont County, Idaho, being further described as:

From the C¼ corner of said Section 15; thence S. 54°12'41" W. 173.00 feet to the point of beginning; thence S. 48°00'00" W. 276.14 feet to a point; thence S. 89°46'03" W. 473.64 feet to a point; thence N. 48°00'00" E. 276.14 feet to a point; thence N. 89°46'03" E. 473.64 feet to the point of beginning.

Parcel 2:
A 60 foot road and utility easement for ingress and egress, and electric cable TV, and telephone utilities, located within the NE¼SW¼ Section 15, Township 7 North, Range 40 E.B.M., Fremont County, Idaho, being 30 feet on each side of the following described center line:

Commencing at a point on the centerline of a 60 foot road easement across Mike Birch property which point lies S. 4°24"55" W. 670.00 feet from the C¼ corner of said Section 15; thence N. 0°44'40" W. 265.34 feet to a point; thence N. 59°12'51" W. 88.81 feet to a point; thence N. 78°34'52" W. 73.35 feet to a point; thence N. 50°05'09" W. 84.27 feet to a point; thence N. 88°00'09" W. 77.74 feet to a point; thence S. 89°46'03" W. 60.00 feet to the point of beginning.

ALSO: A 80 foot road and utility easement along the East side of the Southern 1910 feet of the SW¼ of said Section 15, Township 7 North, Range 40 E.B.M., Fremont County, Idaho, being further described as:
Commencing at the S¼ corner of Section 15; thence N. 0°08'08" E. 1908.71 feet along the East line of the SW¼; thence S. 89°46'03" W. 80.00 feet; thence S. 0°08'08" W. 1908.50 feet; thence S. 89°43'51" E. 80.00 feet to the point of beginning.

Tract 2:
Parcel 1:
A portion of the NE¼SW¼ Section 15, Township 7 North, Range 40 E.B.M., Fremont County, Idaho, being further described as:

Commencing at the S¼ corner of said Section 15; thence N. 0°08'08" E. 1908.71 feet along the East line of the SW¼ of said Section 15 to the point of beginning; thence S. 89°46'03" W. 1320.00 feet to a point; thence North 667.81 feet to the North line of the SW¼; thence N. 89°46'03" E. 1321.58 feet along the North line of the SW¼ to the Northeast corner of the SW¼; thence S. 0°08'08" W. 667.82 feet along the East line of the SW¼ to the Point of Beginning.

EXCEPT: A portion of the NE¼SW¼ Section 15, Township 7 North, Range 40 E.B.M., Fremont County, Idaho, being further described as:

From the C¼ corner of said Section 15; thence S. 54°12'41" W. 173.00 feet to the point of beginning; thence S. 48°00'00" W. 276.14 feet to a point; thence S. 89°46'03" W. 473.64

The Court continued the matter for an evidentiary hearing to resolve Mikki Hathaway's

Objection to Chapter 7 Trustee's: (A) Motion for Approval of Sale of Real Property Pursuant to §

363(f); (B) Notice of Sale of Property and Notice of Hearing on (1) Motion for Approval of Sale of Real Property and (2) Application for Compensation of Realtor; (C) Application for Compensation of Realtor ("Debtors' Objection") (Dkt. No. 398). On May 13, 2020, Trustee filed the Stipulation for Sale of Real Property (the "Stipulation") (Dkt. No. 470), which authorized entry of this Order.

The Court having considered the Sale Motion and Stipulation, and a hearing on the Sale Motion having been held before the Court to consider entry of this order, appearances being noted on the record; all objections to this order being resolved, overruled or withdrawn; and after due deliberation and consideration and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND CONCLUDED that:

A.    The Court's findings of fact and conclusions of law as set forth in its oral ruling on April 7, 2020, are hereby incorporated by reference.

B.    The Trustee conducted an auction for the Real Property on April 7, 2020, which auction was properly noticed pursuant to Federal Rule of Bankruptcy Procedure 2002(a), and at which Steven & Amy Crane (the "Purchaser") was the successful bidder for the purchase price of $888,000.00.

C.    On February 25, 2020, Washington Federal filed Creditor Washington Federal's Objection to Motion for Approval of Sale of Real Property Pursuant to § 363(f) and Application for Compensation of Realtor (Dkt. No. 397) (the "WF Objection"). On March 11, 2020, Debtors filed Debtors' Objection. On March 12, 2020, MAM Revocable Trust U/A/D Feb. 5, 2008 ("MAM Trust") filed Creditor MAM Trust's Objection to Motion for Approval of Sale of Real Property Pursuant to § 363(f) and Application for Compensation of Realtor (the MAM Trust Objection") (Dkt. No. 399).

D. All objections to the Sale Motion, including the WF Objection, Debtors' Objection and MAM Trust Objection are deemed resolved, addressed, or overruled by this order.

E. This Court has jurisdiction over this matter pursuant to 28 USC § 1334. This matter is a core proceeding and otherwise within the Court's authority to decide under 28 USC § 157. This Court is the proper venue under 28 USC §§ 1408 and 1409.

F. Good and sufficient notice of the Sale Motion and the relief sought therein has been given and no other or further notice is required. A reasonable opportunity to bid, to object, and to be heard regarding the relief requested in the Sale Motion has been afforded to all creditors, the Debtors, and other parties in interest.

G. The Trustee is authorized and directed to sell and transfer the Real Property free and clear of all Liens, Claims, Encumbrances and Interests (as defined herein), except all easements of record, to the Purchaser. The Trustee may sell the Real Property free and clear of all Liens, Claims, Encumbrances and Interests because one or more of the standards set forth in Section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied, including Section 363(f)(3).

H. Good and sufficient reasons for approval of the Sale have been articulated. The relief requested in the Sale Motion is in the best interests of the bankruptcy estate, its creditors and other parties in interest.

I. Trustee has demonstrated good, sufficient and sound business purpose and justification for the Sale, pursuant to Section 363(b) of the Bankruptcy Code.

Based upon the foregoing findings and conclusions, and upon the record made at the April 7, 2020 hearing, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.      Any objections to the entry of the order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice.

2.      Pursuant to the provisions of § 363 of the Bankruptcy Code, the Trustee is hereby authorized and directed to sell the Real Property to the Purchaser for the gross sales price of $888,000.00.

3.      The Trustee is authorized to pay from the proceeds at closing of the Sale of the Real Property ("Closing") all appropriate Closing costs, title insurance premiums, realtor fees, real and personal property taxes, the Washington Federal Lien paid in full as of the payment date (defined in paragraph six below), the ICCU Lien (defined in paragraph six below), and the MAM Trust Lien (defined in paragraph six below). The Sale proceeds are estimated to be distributed by the Closing agent as follows:

| Sale Price | $888,000.00 |
|---|---|
| Less Estimated Deductions | |
| Washington Federal Lien | $220,000.00 |
| ICCU Lien | $380,000.00 |
| MAM Trust Lien | $185,000.00 |
| Real Property Taxes | $20,000.00 |
| Realtor Fees | $35,520.00 |
| Closing Costs | $9,000.00 |
| | |
| Total Estimated Deductions | $832,280.00 |
| **Net Proceeds** | **$38,480.00** |

4.      The Trustee is authorized to execute and deliver, and empowered to fully perform under, consummate and implement, all instruments and documents that may be reasonably necessary or desirable to implement the Sale, and to take all further action as may be reasonably

requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser, or reducing to Purchaser's possession, the Real Property.

5.      Pursuant to § 363 of the Bankruptcy Code, upon Closing, the Real Property shall be transferred to Purchaser, and such transfer shall constitute a legal, valid, binding, and effective transfer of the Real Property and shall vest Purchaser with title to the Real Property free and clear of all of the following (collectively, the "Liens, Claims, Encumbrances and Interests"): liens (as defined in Section 101(37) of the Bankruptcy Code), claims (as defined in Section 101(5) of the Bankruptcy Code), and interests, security interests, demands, options, rights, contractual commitments, pledges, restrictions, encumbrances, hypothecations, loan agreements, instruments, leases, licenses, conditional sale or other title retention agreements, offsets, recoupment, rights of recovery, judgments, orders, and decrees of any court or governmental entity, tax and other liabilities, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown.

6.      Pursuant to Section 363(f) of the Bankruptcy Code, the Real Property shall be transferred to Purchaser and, as of the Closing, shall be free and clear of all Liens, Claims, Encumbrances and Interests. All such Liens, Claims, Encumbrances and Interests shall attach to the proceeds of the Sale to the same extent, priority and validity as they attached to the Real Property, in each case subject to the terms of this Order and any unresolved rights, claims and defenses the bankruptcy estate may possess with respect thereto. The Liens, Claims, Encumbrances and Interests that shall attach to the proceeds of the Sale to the same extent, priority and validity as they attached to the Real Property include (1) Washington Federal's deed

of trust and addendum dated July 31, 2000, recorded in the real property records of Freemont County on August 4, 2000, as instrument number 464356 (the "Washington Federal Lien"); (2) Idaho Central Credit Union's deed of trust dated October 31, 2007, recorded in the real property records of Freemont County on October 31, 2007, as instrument number 513533 (the "ICCU Lien"); (3) MAM Revocable Trust's deed of trust dated February 23, 2016, recorded in the real property records of Freemont County on March 1, 2016, as instrument number 557232 (the "MAM Trust Lien").  Each of these liens shall be paid in full from the sale proceeds.  Approval of the sale is conditioned upon the representation that each of these creditors will be paid in full.

7. The Real Property shall be sold free and clear of the State of Idaho, Department of Health and Welfare, Medicaid Division Notice of Lien, recorded in the real property records of Freemont County, Idaho on January 14, 2020 as lien number 20200072299 (the "Medicaid Lien").  The Medicaid Lien shall not attach to the proceeds of the Sale.  The Medicaid Lien was recorded after the filing of this bankruptcy case and is therefore void, pursuant to 11 U.S.C. § 362.

8. At Closing, this order shall be construed and shall constitute for any and all purposes a full and complete conveyance and transfer of the Real Property, transferring good and marketable title in the Real Property to Purchaser. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale transaction. All entities that are presently, or at Closing may be, in possession of some or all of the Real Property are hereby directed to surrender possession of the Real Property to Purchaser at Closing, and Purchaser hereby is authorized to retrieve and take possession of the Real Property at Closing.

9. Following the Closing, no holder of any Lien, Claim, Encumbrance or Interest shall interfere with Purchaser's title to, or use and enjoyment of, the Real Property based on, or related to, any Lien, Claim, Encumbrance or Interest.

10. The Sale of the Real Property shall be "AS IS WHERE IS" without warranty of any kind from the Trustee or bankruptcy estate. The Trustee shall issue a Trustee's Deed without warranties to the Purchaser. Closing shall occur as soon as practicable after entry of this order.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order. This Court retains jurisdiction to enforce and implement the terms and provisions of the Sale, including, without limitation, retaining jurisdiction to (a) compel delivery of the Real Property to Purchaser, and (b) interpret, implement and enforce the provisions of this order. The previous Order Approving Stipulation Regarding Stay Relief (Dkt. No. 389) shall remain in full force and effect notwithstanding this Order and no surcharge or costs of the foregoing sale shall be charged to Washington Federal or MAM Trust.

12. All reference in the Sale Motion to M&M Irrevocable Trust shall be deemed to refer to MAM Trust as defined herein.

13. As authorized by Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon its entry.

DATED: May 13, 2020

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

Order submitted by Noah Hillen, Chapter 7 Trustee

APPROVED AS TO FORM AND CONTENT ON May 13, 2020:

DAVISON, COPPLE, COPPLE & COPPLE, LLP

/s/ Terry C. Copple
Terry C. Copple, of the firm
Attorneys for Washington Federal

NELSON HALL PARRY TUCKER, PLLC

/s/ Brian Tucker
Brian Tucker, of the firm
Attorneys for MAM Revocable Trust

MAYNES TAGGART PLLC

/s/ Robert J. Maynes
Robert Maynes, of the firm
Attorneys for Debtors